[Cite as *State v. Dorsey*, 2026-Ohio-581.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30435 |
| Appellant | : | |
| | : | Trial Court Case No. 2024 CR 3100/2 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| KEVIN DORSEY | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 20, 2026, the judgment of the trial court is affirmed. The cause is remanded to the trial court to proceed with the remaining counts in the indictment.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

ANDREW T. FRENCH, Attorney for Appellant
ANTHONY D. MAIORANO, Attorney for Appellee

HUFFMAN, J.

{¶ 1} The State of Ohio appeals from an order of the Montgomery County Common Pleas Court that dismissed a carrying concealed weapons count in the indictment against Kevin Dorsey. Based on our recent decision in *State v. Matosky*, 2025-Ohio-5658 (2d Dist.), we affirm the judgment of the trial court and remand the cause to the trial court to proceed with the remaining counts in the indictment.

**Procedural History**

{¶ 2} On December 2, 2024, a Montgomery County grand jury indicted Dorsey on one count of having weapons under disability in violation of R.C. 2923.13(A)(3), a third-degree felony; one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2), a fourth-degree felony; and one count of obstructing official business in violation of R.C. 2921.31(A), a second-degree misdemeanor. At the time of the alleged offenses, Dorsey was 19 years old. Dorsey pleaded not guilty to the charges.

{¶ 3} Dorsey filed a motion to dismiss the carrying concealed weapons count of the indictment, arguing that R.C. 2923.12(A)(2) was "facially unconstitutional and as applied to him in violation of the Fourteenth and Second Amendment to the United States Constitution, as well as Article I, Section 4 of the Ohio Constitution." The trial court granted Dorsey's motion and dismissed count two of the indictment. The State filed a timely notice of appeal.

{¶ 4} After the parties filed their respective briefs and oral argument was held, we sua sponte ordered that this matter be stayed pending the Supreme Court of Ohio's decision in

*State v. Striblin*, Supreme Court Case No. 2024-1050, which is expected to provide guidance regarding the proper framework for resolving a constitutional challenge to a gun regulation under the Second Amendment. Dorsey subsequently moved to lift the stay based on our decision in *Matosky*, 2025-Ohio-5658 (2d Dist.). On January 7, 2026, we denied Dorsey's motion to lift the stay. However, in an order filed contemporaneously with this opinion, we have ordered sua sponte that the stay be lifted. The matter is now ripe for our review.

## Assignment of Error and Analysis

{¶ 5} The State's sole assignment of error states:

> As applied to Dorsey, who was nineteen years-old at the time of his offense, Ohio's restriction on the ability of eighteen-to-twenty-year-olds to carry concealed firearms is consistent with this Nation's historical tradition of firearm regulation and falls outside the Second Amendment's protection. The trial court erred in finding otherwise.

{¶ 6} The assignment of error raised in this appeal and the arguments made by the parties are identical to those raised by the State in the first assignment of error in *Matosky*. Similarly, the key fact in this appeal—that Dorsey was not yet 21 years old at the time of his alleged carrying concealed weapons offense—is identical to the key fact in *Matosky*. Therefore, for the same reasons as we expressed in *Matosky*, we conclude that the concealed-carry statute, R.C. 2923.12(A)(2), is unconstitutional as applied to Dorsey. *Matosky* at ¶ 30-36. The assignment of error is overruled.

## Conclusion

{¶ 7} Having overruled the assignment of error, the judgment of the trial court is affirmed. The cause is remanded to the trial court to proceed with the remaining counts in the indictment.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.