[Cite as *State v. Jovonni*, 2026-Ohio-1889.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :    C.A. No. 30615 |
|     Appellant | : |
| | :    Trial Court Case No. 2024 CR 03508 |
| v. | : |
| | :    (Criminal Appeal from Common Pleas |
| ISAAC JOVONNI | :    Court) |
| | : |
|     Appellee | :    **FINAL JUDGMENT ENTRY &** |
| | :    **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 22, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

TUCKER, J., and EPLEY, J., concur.

ANDREW T. FRENCH, Attorney for Appellant
ARVIN S. MILLER, Attorney for Appellee

HUFFMAN, J.

{¶ 1} The State of Ohio appeals from a judgment of the Montgomery County Common Pleas Court that dismissed an improper handling of a firearm in a motor vehicle count in the indictment against Isaac Jovonni. The State claims the dismissal of Jovonni's indictment was improper because the trial court erroneously determined that R.C. 2923.16(B) is unconstitutional as applied to Jovonni. Based on our recent decisions in *State v. Matosky*, 2025-Ohio-5658 (2d Dist.), and *State v. Dorsey*, 2026-Ohio-581 (2d Dist.), we affirm the judgment of the trial court.

## I. Background Facts and Procedural History

{¶ 2} On April 10, 2025, Jovonni was indicted on one count of improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree. At the time of the alleged offense, Jovonni was 18 years old and thus was not a "qualifying adult" entitled to transport loaded firearms in a motor vehicle according to R.C. 2923.111(A)(2) (defining "qualified adult" as persons twenty-one years of age or older). Jovonni pleaded not guilty to the charge.

{¶ 3} Jovonni subsequently moved to dismiss the charge on the grounds that R.C. 2923.16(B) was facially unconstitutional as applied to him as an individual under the age of 21 in violation of the Second and Fourteenth Amendments in the United States Constitution, as well as Article I, Section 4 of the Ohio Constitution. He argued that there is no age or maturity restriction on the right to bear arms in the United States Constitution.

2

{¶ 4} The trial court granted Jovonni's motion and dismissed the indictment. The court noted the recent appeals to this court in *Matosky* and *Dorsey*, which were pending at the time of its decision. The court found that there is nothing in the United States Constitution that supports age or maturity restrictions on the right to bear arms and reasoned that it had been unable to find any historical tradition distinguishing firearm possession between 18- and 21-year-olds. The court stated that there was no age requirement in the Second Amendment limiting the rights of individuals to bear arms and pointed out that Congress even enacted the Militia Act of 1792, which required every male citizen who was at least eighteen years old to be enrolled in the militia. The court was persuaded by historical texts demonstrating the intent for individuals who were at least 18 years old to be able to lawfully possess firearms and defend themselves. Therefore, the trial court concluded that the portion of R.C. 2923.111 defining a "qualifying adult" as an individual who was twenty-one years of age or older was unconstitutional. The State filed a timely notice of appeal.

## II. Assignment of Error and Analysis

{¶ 5} The State's sole assignment of error states:

Ohio's improper-handling statute, which prohibits persons under the age of twenty-one from knowingly transporting or having a loaded firearm in a motor vehicle if a person in the vehicle can access the firearm without leaving the vehicle, is consistent with this Nation's historical tradition of firearm regulation and falls outside the Second Amendment's protection.

{¶ 6} "Generally, appellate courts conduct a de novo review of a trial court's decision concerning a defendant's motion to dismiss all or part of an indictment based upon a constitutional challenge to the statute under which the defendant stands indicted." (Citations omitted.) *Matosky*, 2025-Ohio-5658, at ¶ 9 (2d Dist.), citing *State v. Lawson*, 2025-Ohio-

3

2650, ¶ 5 (4th Dist.); *State v. Shingleton*, 2022-Ohio-4740, ¶ 34 (2d Dist.) ("a decision on 'whether a statute or ordinance is constitutional is a question of law that we review de novo'"), quoting *City of Cleveland v. State*, 2019-Ohio-3820, ¶ 15; *State v. Hall*, 2025-Ohio-1644, ¶ 29 (1st Dist.) ("Whether charges in an indictment should be dismissed on constitutional grounds is a question of law, which this court reviews de novo."). "'In de novo review, we independently review trial court decisions and accord them no deference.'" *Matosky* at ¶ 9, quoting *Coldly v. Fuyao Glass America, Inc.*, 2022-Ohio-1960, ¶ 9 (2d Dist.).

{¶ 7} R.C. 2923.16(B) concerns the improper handling of firearms in a motor vehicle and states:

> No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle.

A "qualifying adult," however, is exempt from criminal liability under R.C. 2923.16(B). *Matosky a*t ¶ 4, citing *State v. Barber*, 2025-Ohio-1193, ¶ 26 (1st Dist.) ("[a]s a result of R.C. 2923.111, a 'qualifying adult' is deemed to possess a valid concealed handgun license and is not subject to prosecution for a violation of R.C. 2923.12(A)(2) or 2923.16(B)"). A "qualifying adult" means a person who is all the following:

> (a) Twenty-one years of age or older;
>
> (b) Not legally prohibited from possessing or receiving a firearm under 18 U.S.C. 922(g)(1) to (9) or under section 2923.13 of the Revised Code or any other Revised Code provision;
>
> (c) Satisfies all of the criteria listed in divisions (D)(1)(a) to (j), (m), (p), (q), and (s) of section 2923.125 of the Revised Code.

R.C. 2923.111(A)(2).

4

**{¶ 8}** The assignment of error raised in this appeal and the arguments made by the parties are identical to those raised by the State in the second assignment of error in *Matosky*. Jovonni was subject to criminal liability under R.C. 2923.16(B) because he was under the age of 21 at the time he was found to have an accessible, loaded firearm in his motor vehicle. Thus, the key fact in this appeal—that Jovonni was not yet 21 years old at the time of his alleged improper handling of a firearm in a motor vehicle offense—is identical to the key fact in *Matosky*. Therefore, for the same reasons as we expressed in *Matosky*, we conclude that R.C. 2923.16(B) is unconstitutional as applied to Jovonni. *Matosky* at ¶ 38-44. The State's assignment of error is overruled.

### III. Conclusion

**{¶ 9}** Having overruled the assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and EPLEY, J., concur.